# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 23-00208-01

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

DAVID CHAMBERS (01)                         MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Before the Court is Petitioner David Chambers's ("Chambers") Magistrate Appeal, requesting this Court to reverse his conviction, vacate his sentence, and enter a judgment of acquittal. See Record Documents 15 & 22 at 7. Chambers was charged by a Bill of Information with violating 18 U.S.C. § 113(a)(5), simple assault. See Record Document 22 at 1. On August 17, 2023, a bench trial was held before Magistrate Judge Hornsby, and Chambers was found guilty of simple assault on Senior Airman Courtney Veliz ("Veliz"). See id.; see also Record Document 26. The United States of America ("the Government") filed an opposition, arguing that the Judgment should be upheld. See Record Document 24. Chambers replied. See Record Document 25. Magistrate Judge Hornsby entered an Amended Judgment on January 13, 2025 to correct a clerical error. See Record Document 26. The Court will refer to the Amended Judgment for the purposes of this Appeal. For the reasons set forth below, the Magistrate Appeal (Record Document 15) is **DENIED**, and Magistrate Judge Hornsby's Amended Judgment (Record Document 26) is **AFFIRMED**.

Chambers argues Veliz's testimony is incredible, and the incident at issue involved no more than an innocuous touching in a routine interaction at a base gate. See Record Document 22 at 4. Chambers submits that her testimony cannot support a conviction

based on proof beyond a reasonable doubt. See id. at 7. Thus, Chambers requests that this Court reverse his conviction for simple assault, vacate his sentence, and enter a judgment of acquittal. See id. The Government opposes, asserting that Chambers admitted each element of the charged crime. See Record Document 24 at 7. Furthermore, the Government contends that his accounts of his other interactions with Veliz were not credible and were rejected by Magistrate Judge Hornsby. See id. The Government submits that the Appeal should be denied because neither the verdict nor the finding of facts by Magistrate Judge Hornsby were clearly wrong. See id. Chambers replies, arguing that the Government failed to address the incredible and inconsistent nature of Veliz's testimony in its opposition brief. See Record Document 25 at 1. Chambers reasserts his arguments and requests that this Court reverse his conviction, vacate his sentence, and enter a judgment of acquittal. See id. at 3.

"'Federal Rule of Criminal Procedure 58(g)(2) governs appeals from a magistrate judge's order or judgment in the criminal context.'" U.S. v. Espinoza-Melendez, No. 20-104, 2020 WL 1062876, at *1 (S.D. Tex. Mar. 5, 2020) (quoting U.S. v. Brantley, 776 F. App'x 853, 854 (5th Cir. 2019)). Federal Rule 58(g)(2)(D) provides, "'The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge.'" U.S. v. Carroll, No. 10-67, 2016 WL 394016, at *3 (N.D. Miss. Feb. 1, 2016) (quoting FED. R. CRIM. P. 58(g)(2)(D)). Generally, "the appellate court reviews questions of law de novo and factual findings for clear error." Id. (citing U.S. v. Hollingsworth, 783 F. 3d 556, 558 (5th Cir. 2015)).

2

The Fifth Circuit has held that "'[t]he standard for reviewing a conviction allegedly based on insufficient evidence is whether a reasonable jury could find that the evidence establishes the guilt of the defendant beyond a reasonable doubt.'" Id. (quoting U.S. v. Pennington, 20 F. 3d 593, 597 (5th Cir. 1994)). A reviewing court should analyze "the evidence in the light most favorable to the government and draw[] all reasonable inferences in support of the verdict." Id. "If the evidence viewed in this light 'gives equal or nearly circumstantial support to a theory of guilty and a theory of innocence, the conviction should be reversed.'" Id. The reviewing court does not need to ask "'whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Id. (quoting Jackson v. Va., 442 U.S. 307, 318–19, 99 S. Ct. 2781, 2789 (1979) (emphasis omitted)). Rather, the reviewing court should ask "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (emphasis omitted).

Under United States Code Section 18, § 113(a) provides the punishment for persons who are found guilty of assault "within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 113(a). Under paragraph (a)(5), a person found guilty of simple assault, shall be punished "by a fine under this title or imprisonment for not more than six months…." 18 U.S.C. § 113(a)(5). In the instant case, Magistrate Judge Hornsby found Chambers guilty under § 113(a)(5) and ordered a term of imprisonment of 30 days, one year of unsupervised probation following release, and a $500.00 fine. See Record Document 21 at 90.

Section 113(a)(5) "does not require the Government to prove specific intent for 'simple assault.'" U.S. v. Alvarez-Murillo, 722 F. Supp. 3d 648, 650 (W.D. Tex. 2024).

3

Statutorily, there is no definition for "assault" or "simple assault." Id. Additionally, Fifth Circuit case law does not "elaborate on these terms to help guide courts on what exactly the Government must prove beyond a reasonable doubt to convict defendants for 'simple assault.'" Id. See U.S. v. Estrada-Fernandez, 150 F. 3d 491, 495 (5th Cir. 1998) ("In order to prove a defendant guilty of simply assault, the government need only show that the defendant assaulted the victim.").

When a common-law term is used in a federal criminal statute without a definition, "courts generally give that term its established meaning under common law." Id. In the instant case, the parties provide the definition for simple assault in their briefing. Chambers provides that common law battery involves an unlawful application of force to another person, which includes offensive touching. See Record Document 22 at 2. The Government agrees with Chambers's definition and further states that any unwarranted touching without Veliz's permission constitutes a violation of every essential element of simple assault. See Record Document 24 at 6.

Magistrate Judge Hornsby applied this definition of simple assault to the instant case and found Veliz's testimony was credible. See Record Document 21 at 90. Furthermore, the magistrate court found that Chambers admitted he did not have permission for the touching. See id. This Court has read the trial transcript, which contains the magistrate judge's rationale, and finds that Magistrate Judge Hornsby based his findings on sound reasoning. In his reasons, Magistrate Judge Hornsby found Veliz's testimony to be credible and that the evidence clearly supported a guilty verdict. See Record Document 21 at 90.

4

The Court finds no error in Magistrate Judge Hornsby's verdict. Like the district court concluded in <u>Carroll</u>, Chambers's arguments "are not as persuasive as the government's position or the magistrate court's rationale, especially when the evidence is examined as a whole and in the light most favorable to the verdict." 2016 WL 394016, at *4. After viewing all the evidence in the light most favorable to the Government and considering Magistrate Judge Hornsby's finding that Veliz's testimony was credible, this Court finds that a reasonable trier of fact could find Chambers guilty of simple assault beyond a reasonable doubt. Therefore, Chambers's Appeal (Record Document 15) is **DENIED**, and Magistrate Judge Hornsby's Amended Judgment (Record Document 26) is **AFFIRMED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 21st day of February, 2025.

UNITED STATES DISTRICT COURT JUDGE